(C.D. 4230)

FERMODYL LABORATORIES, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 11, 1971)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Susan C. Cassell*, trial attorney), for the defendant.

BEFORE RICHARDSON and LANDIS, Judges

LANDIS, Judge: This protest involves articles imported from West Germany and entered at the Los Angeles–Long Beach port of entry in May and August of 1968. The articles (200 pieces in each shipment) were invoiced as "Ampoule Files."

Plaintiff entered the articles as non-mechanical saws dutiable under TSUS (Tariff Schedules of the United States) item 649.11 at 6.5 per centum ad valorem. Customs classified the articles as files dutiable at 10 cents per dozen pieces under the following TSUS item 649.01 classification:

SCHEDULE 6. – METALS AND METAL PRODUCTS

PART 3. – METAL PRODUCTS

Subpart E. – Tools, Cutlery, Forks and Spoons

\*        \*        \*        \*        \*        \*        \*

Pliers \* \* \* files (except nail files), and rasps; all the foregoing which are hand tools and metal parts thereof:

\*        \*        \*        \*        \*        \*        \*

649.01        Files and rasps, with or without their handles:

Not over 2.5 inches in length_____        10¢ per doz.

Plaintiff claims the articles are properly dutiable as entered under TSUS item 649.11, or under 649.25,[1] which items provide as follows:

Non-mechanical saws, blades for mechanical or non-mechanical saws (including blades in continuous lengths), and metal teeth or cutting segments and other metal parts of such saws and blades:

649.11        Non-mechanical saws_____        6.5% ad val.

Blades for mechanical or non-mechanical saws:

\*        \*        \*        \*        \*        \*        \*

649.25        Other blades_____        6.5% ad val.

Trial was had at Los Angeles. The record consists of testimony from one witness; samples of the imported articles (exhibit 1); a magnifying glass received for the convenience of the court in examining the articles (exhibit 2); a letter of reply on plaintiff's letterhead, dated May 27, 1968, from the executive director of plaintiff corporation to the district director of customs, enclosing "literature which gives a full description of the use of the ampoule files" (exhibit A); and the official papers.

The samples (exhibit 1) are relatively small flat metal articles, 2 inches in length and ¼ inch in width. The ends of what is obviously the non-working or top edge are beveled into the working or lower edge. Under magnification, the working edge shows that it is finely serrated.

Mr. John Levy, controller of the plaintiff corporation, testified that plaintiff is in the business of manufacturing professional cosmetic products for beauty salons. The cosmetic products, or many of them, are inserted in glass ampoule containers which are sealed and packed in boxes for delivery.

---

[1] Plaintiff has not briefed the claim under TSUS item 649.25. We deem the claim is abandoned. *D. N. & E. Walter & Co., et al.* v. *United States,* 44 CCPA 144, 146, C.A.D. 652 (1957).

Mr. Levy stated that he ordered and inspected the imported "ampoule file[s]" and had used the "files that we call in the current use of the day 'saw'." He identified the samples (exhibit 1) as articles that "we call non-mechanical saw[s]." The "saws," he testified, are put in a small paper packet or envelope, four to an envelope. At the same time the cosmetic ampoules are packed in a box, an "envelope with four saws and a little literature describing the use and the application of the product" is packed in the box. Mr. Levy testified that he had used the imported articles and described that "[y]ou saw three strokes on one point of the ampoule" without severing the point, and then break the point off the ampoule with the fingers wrapped in a towel. To Mr. Levy's knowledge, the imported articles are never imported or used with a handle.

The literature enclosed with the letter from plaintiff giving "a full description of the use of the *ampoule files*" (emphasis added, defendant's exhibit A), diagrams the cosmetic glass ampoule as having an elongated narrow tip on each end, and instructs the user "How To Open An Ampoule" by:

Dampen[ing] ampoule tip.
Hold firmly, ampoule upward.
Give 3 or 4 strokes with *file*,
using thumbnail as a guide.
Snap off tip of ampoule with a towel.
[Emphasis added.]

The customs classification of the imported articles under TSUS item 649.01, which is presumptively correct, *The De Haan Company v. United States*, 55 CCPA 76, C.A.D. 936 (1968), draws some support from the decision in *Parke, Davis & Co. v. United States*, 53 Treas. Dec. 515, T.D. 42738 (1928). In *Parke, Davis* this court held a flat piece of steel approximately 2 inches long, one edge of which was serrated, exclusively used in cutting "ampoule glasses," and not commonly known as a "file," properly dutiable as a "file" on proof that the article was "definitely, uniformly, and generally known and recognized throughout the trade and commerce of this country as ampoule files." (53 Treas. Dec., page 516.) Plaintiff postures that since there is no evidence that, in the trade and commerce of the United States, the articles imported in this case are uniformly known as ampoule files, the articles must be classified according to the common meaning of the terms "files" and "non-mechanical saws." However, as pointed out hereafter, plaintiff has made no showing that the articles are within the common meaning of the term "saws." Assuming the imported articles are not files in the common meaning of that tariff term, plaintiff can prevail only on proof that the articles are commonly known as "non-mechanical saws." "It is well settled that the classifica-

tion made by * * * [customs] must stand unless the importer establishes not only that such classification is incorrect, but *that the classification contended for by the importer is correct* [emphasis added]." *United States* v. *Cody Manufacturing Co., Inc., et al.*, 44 CCPA 67, 74, C.A.D. 639 (1957). We conclude that plaintiff has failed to establish that the imported articles are "non-mechanical saws" and overrule the protest.

There are many tools, including files, which cut that are not saws. The fact that the imported tool has a serrated edge designed to cut the tip of an ampoule glass container in a manner that, without cutting through the glass, the tip can be broken off with the fingers, does not establish that the article is a "non-mechanical saw." A "saw" in the common meaning of that term, is a tool mounted in a handle or frame. (Webster's Third New International Dictionary, 1961 ed.) "Sawing is a specific form of cutting and a saw is a specific tool designed to carry out that form of cutting operation." *United States, etc.* v. *Simon Saw & Steel Company*, 51 CCPA 33, 41, C.A.D. 834 (1964). The imported article is not mounted in a handle or frame. There is no proof in this record that the manner in which the imported tool cuts the ampoule glass tip is a specific form of cutting known as sawing. This burden was upon plaintiff to establish.

The protest is overruled. Judgment will be entered accordingly.